NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWARD GREGORY, | : | |
| Plaintiff, | : | Civil No. 14-1008 (JBS) |
| v. | : | |
| RALPH A. GONZALEZ, | : | **OPINION** |
| Defendant. | : | |

**APPEARANCES:**

Howard Gregory, *Pro Se*
255265
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

**SIMANDLE, Chief Judge**

 Plaintiff, Howard Gregory, incarcerated at the Camden County Correctional Facility, Camden, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.[1]

---

[1] On February 26, 2014, this Court administratively terminated this matter because Plaintiff failed to provide the filing fee or a complete IFP application. On April 11, 2014, Plaintiff provided

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff seeks to sue his lawyer, Defendant Ralph A. Gonzalez, because in the course of his criminal proceedings, Plaintiff feels that Defendant is "being very disrespectful." (Complt., ¶ 4b). He asserts that Defendant is violating his due process rights by refusing to submit motions pertaining to his criminal case and has violated his right to effective assistance of counsel by not including Plaintiff in the discovery process so that Plaintiff can decide whether to accept a plea or go to trial. (Complt., ¶ 6).

Plaintiff asks this Court to remove Defendant as his attorney "due to unethical representation of counsel" and for an investigation to be done. (Complt., ¶ 7).

---

the necessary IFP paperwork, and on June 2, 2014, this case was reopened (Docket Items 4, 5).

**DISCUSSION**

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2.  **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must

---

Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *SeeWest v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3. The Complaint Must be Dismissed.

"Although a [person] may cause a deprivation of ... a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)(quoting *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law for the purposes of § 1983 when performing the traditional functions of counsel to a criminal defendant. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"). This principle has been applied to private attorneys, too. *See Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law); *see also Murphy v. Bloom*, 443 F. App'x 668 (3d Cir.

2011)(neither privately-retained nor court-appointed attorney were federal actors for purposes of suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the federal counterpart to 42 U.S.C. § 1983).

Because the acts and omissions complained of in regard to Defendant concern the traditional functions of a criminal defense attorney, Defendant was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983.[3] Because the named defendant is not subject to suit under § 1983 for alleged violation of Plaintiff's constitutional rights, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate Order follows.

                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE, Chief Judge
                                          United States District Court

Dated: **July 14, 2014**

---

[3] To the extent Plaintiff claims that Defendant denied his right to the effective assistance of counsel pursuant to the Sixth Amendment, such a claim may only be brought under 28 U.S.C. § 2254 after the exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).